NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROL STEPHEN,

             Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

             Respondent.

No.   21-70475

Agency No. A072-517-028

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Carol Stephen petitions for review of a decision by the Board of Immigration

Appeals ("BIA") denying her motion to reopen removal proceedings. We have ju-

risdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Stephen's motion to reopen as untimely because it was filed more than one year after the order of removal became final and Stephen failed to establish changed country conditions in Iraq to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Najmabadi*, 597 F.3d at 990–91. Nor did the BIA abuse its discretion in determining that Stephen failed to establish prima facie eligibility for deferral of removal under the Convention Against Torture. *See* 8 C.F.R. § 1003.2(c)(1); *see also Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (new evidence in support of a motion to reopen must have been unavailable at the time of the hearing and must establish prima facie eligibility for the relief sought).

**PETITION DENIED.**